# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SADIE SCOTT JOHNSON,** | ] |
| **Plaintiff,** | ] |
| v. | ]   2:16-cv-989-KOB |
| **ROY BLACKBURN, et al.,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION and ORDER

The Defendants Siskin Steel and Supply Company, Inc. and Roy Blackburn filed their "Notice of Removal" (doc. 1) on June 16, 2016, removing this action from the Circuit Court of Jefferson County, Alabama to this court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. On July 15, 2016, Plaintiff Sadie Scott Johnson filed her "Motion to Remand" (doc. 4), alleging that, although the parties are diverse, no federal jurisdiction exists because the Complaint requests an "unspecified demand for damages" and because the Defendants "failed to prove with legal certainty" that the Plaintiff's damages will exceed $75,000.00. For the following reasons, the court DENIES the Plaintiff's motion to remand and finds that federal jurisdiction exists based on complete diversity jurisdiction.

*Legal Standard*

The party seeking removal has the burden of establishing federal jurisdiction. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). A defendant can remove a suit to federal district court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

Federal district courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Where the plaintiff does not plead a specified amount of damages in the complaint, a defendant's notice of removal need include only a "plausible allegation" that the amount in controversy meets the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  When the plaintiff has not specified the amount of damages in the complaint, the removing defendant bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

In assessing whether removal is proper, the court must first look to the complaint. *Pretka*, 608 F.3d at 754.  If a defendant alleges that federal jurisdiction is "facially apparent" from the complaint, the court must evaluate whether the "complaint itself satisfies the defendant's jurisdictional burden." *Roe*, 613 F.3d at 1061.  The law permits a district court to make "'reasonable deductions, reasonable inferences, and other reasonable extrapolations'" to determine whether federal jurisdiction exits from the face of the complaint. *Id*. at 1061-62 (quoting *Pretka*, 608 F.3d at 754).  "A district court need not 'suspend reality or shelve common sense in determining whether the face of the complaint . . . establishes the jurisdictional amount.' . . . Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062 (citations omitted).

*The Complaint  (Doc. 4-1)*

In her complaint, the Plaintiff alleges that on February 6, 2015 the Defendant Roy Blackburn, an employee of Defendant Sisken Steel and Supply Company, Inc., negligently and wantonly operated a tractor trailer and collided with the vehicle in which the Plaintiff was a front seat passenger, causing her "to become seriously injured while being physically barricaded and pinned" in the vehicle. The Plaintiff's complaint contains seven counts:  Count I Negligence; Count II Wanton and Reckless Conduct; Count III Negligent, Reckless and/or Wanton Violations of Rules of the Road; Count IV Negligent and/or Wanton Maintenance of Commercial Vehicle; Count V Negligent, Reckless, and/or Wanton Training and.or Supervision; Count VI Negligent Hiring or Retention; and Count VII Negligent Entrustment.  For each count, the Plaintiff demands compensatory damages, and she claims entitlement to punitive damages for Counts II through VII.

Specifically, the Plaintiff alleges that she suffered serious injuries to her head and neck, causing "great physical pain and mental anguish," and to her lower back, knees, and shoulders, resulting in necessary medical expenses.  She also claims that, as a result of her injuries, she still is "unable to drive, babysit her grandchildren, make love to her spouse, attend church events with her family or pursue many normal and usual activities."  Additionally, she claims property damage to her vehicle.

*The Notice of Removal  (Doc. 1)*

The Defendants, citing *Dart, Roe*, and *Pretka* as Supreme Court and Eleventh Circuit authority, allege that federal jurisdiction exists based on the face of the complaint.  Specifically, they point to the extensive damages pled in the complaint, specifically "physical injuries which

require ongoing treatment, monetary losses, emotional and mental suffering as well as property damage" as evidence that more likely than not the complaint meets the $75,000 amount in controversy jurisdictional requirement.  Moreover, the Defendants argue that the Plaintiff's claim for punitive damages supports that the complaint meets the amount in controversy jurisdictional requirement.

*Analysis*

The parties do not dispute that complete diversity exists between the parties. Therefore, the only issue in the motion to remand involves the more than $75,000.00 jurisdictional requirement. The Plaintiff argues that the Defendants failed to prove "with legal certainty" in the Notice of Removal that the Plaintiff's damages "will exceed" the jurisdictional threshold of $75,000.00 and that they did not include any evidence in the Notice of Removal to prove the jurisdictional amount.  However, the Defendants' burden in the Notice of Removal is to establish the jurisdictional amount by a "preponderance of the evidence," not "with legal certainty." *See Roe*, 613 F.3d at 1061.  Moreover, if the court reasonably can infer that the jurisdictional amount is met from the face of the complaint, even if the damages are unspecified, the Defendants are not required to submit additional evidence in the Notice of Removal to meets their burden. *See Dart*, 135 S. Ct. at 551; *see also Roe*, 613 F.3d at 1061.  A "plausible allegation" that the amount in controversy requirement is met from the face of the complaint is enough. *See Dart*, 135 S. Ct. at 551.

The Plaintiff also claims that the jurisdictional threshold is not met in this case because she "elected" to put an undisclosed amount of damages in her complaint.  She argues that because she chose not to "state an exact amount of damages" her complaint "disaffirms complete

4

diversity jurisdiction." (Doc. 4). However, her argument lacks merit.

A district court can examine the complaint itself, even when a plaintiff "elects" to put an unspecified amount of damages in the complaint, and make reasonable inferences, using its common sense and judicial experience, whether the "case stated in a complaint meets federal jurisdictional requirements." *See Roe*, 613 F.3d at 1062. If all a plaintiff has to do to defeat diversity jurisdiction is to "elect" to include an unspecified amount of damages in a complaint and include "no details of the value of the claim," no diversity case would ever survive removal. *See id*. at 1064. "Plaintiffs skilled in this form of artful pleading could, with this 'trick,' simply 'make federal jurisdiction disappear.'" *Id*. The court should not reward "such obfuscating tactics." *See id*.

The court finds that the Defendants have shown by a preponderance of the evidence that the amount in controversy between them and the Plaintiff was over $75,000.00 at the time of the removal. Using its "judicial experience" and "common sense," the court finds that it can reasonably infer from the nature and extent of the Plaintiff's alleged severe injuries stated in the Complaint that the amount in controversy in this case would exceed $75,000.00. The Complaint references that the Plaintiff was "seriously injured," and such serious injuries to the Plaintiff's head, neck, and back could support a finding that the jurisdictional amount is satisfied.

Moreover, from the time of the accident on February 6, 2015 until the time the Plaintiff filed her complaint on May 12, 2016, she allegedly continued to suffer physical injuries, such that she cannot drive, take care of her grandchildren, have intimate relations with her spouse, attend church, or pursue other normal activities of her daily life. Continuing to suffer from her serious injuries over a year and three months after the accident supports a finding that the

jurisdictional amount is met in this case. In addition to her severe physical injuries, her claims for punitive damages, property damage, and mental anguish further support that the Defendants have shown by a preponderance of the evidence that the jurisdictional amount in controversy is satisfied.

For these reasons, the Plaintiff's Motion to Remand (doc. 4) is DENIED.

DONE and ORDERED this 5th day of October, 2016.

_Karon O. Bowdre_
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE